I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL PLF w/form
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-10-11

DEPUTY CLERK



FILED

NOV 1 0 2011

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

TRAVON THOMPSON,

        Plaintiff,

        v.

RON HOOPS, et al.,

        Defendants.

Case No. EDCV 11-1535-MMM (MLG)

MEMORANDUM AND ORDER DISMISSING
FIRST AMENDED COMPLAINT WITH
LEAVE TO AMEND

## I.    Factual and Procedural Background

Plaintiff Travon Thompson is a pre-trial detainee at the West Valley Detention Center of the San Bernardino County Jail. He filed this first amended pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, on October 26, 2011. The complaint alleges a variety of causes of action against the following defendants: Ron Hoops, Sheriff; Lt. D. Bolot, Facility Administrator; James Henning, Facility Chaplain; and Custody Specialists Vanderkellen and Ramier. Plaintiff raises constitutional claims against Defendants: (1) denial of right of access to the courts; (2) violation of Plaintiff's First Amendment right to the free exercise of his religion; (3) violation of Plaintiff's Fourteenth Amendment due process and equal protection

rights based upon limiting Plaintiff's time in the common areas to 1.5 hours per day; and (4) supervisory liability against Defendants Hoops and Bolot with respect to the alleged constitutional violations.

## II.  Duty to Screen

The Court has screened the first amended complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff is

2

1    required to present factual allegations sufficient to state a
2    plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

3

4    **III. Discussion**

5        **A.    Plaintiff has Failed to Allege a Claim for Denial of Access**
6              **to the Courts**

7        Plaintiff alleges that he is being denied his right of access
8    to the courts based upon the following: (1) he is only allowed to use
9    the law library to prepare his criminal case but is not allowed
10   library time to work on his civil case; (2) he has been denied a
11   court-ordered $20 phone card that he needs to contact his attorney;
12   and (3) his legal papers have been unlawfully searched and his legal
13   mail has been tampered with.

14       "[P]risoners have a constitutional right of access to the
15   courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is
16   only violated if the prisoner has suffered "actual injury," *Lewis v.*
17   *Casey*, 518 U.S. 343, 351 (1996), by way of an official action that
18   hindered his or her pursuit of a "nonfrivolous" or "arguable"
19   underlying legal claim. *Id.* at 353 & 353 n.3. *See also Christopher*
20   *v. Harbury*, 536 U.S. 403, 415 (2002)(*citing Lewis*); *Phillips v. Hust*,
21   477 F.3d 1070, 1076 (9th Cir. 2007)(*citing Lewis*). In other words,
22   the prisoner must demonstrate that his legal position has been
23   somehow prejudiced in that a claim has been lost. A plaintiff must
24   show that he was actually "shut out" of court in order to state a
25   denial of access cause of action. *Christopher*, 536 U.S. at 415;
26   *Phillips*, 477 F.3d at 1076.

27       Plaintiff has failed to allege an actual injury as required by
28   *Lewis*. There is no showing that the limited library time, lack of

                                    3

1  telephone access, and searching of his legal mail have prejudiced him
2  in any way. Indeed, despite Plaintiff's alleged lack of access to the
3  law library in order to prepare his civil case, Plaintiff has not
4  been prevented from filing a timely first amended complaint in this
5  action. Nor has Plaintiff alleged any facts to show that his pending
6  criminal case has been hindered in any way by the alleged "tampering"
7  with his mail. Until he has suffered some injury, there is no cause
8  of action for violation of Plaintiff's right of access to the courts.

9  **B.   Plaintiff Has Sufficiently Stated a First Amendment Free**
10     **Exercise Claim**

11      Plaintiff contends that Defendants Henning and Bolot have
12  violated his First Amendment right to the free exercise of religion.
13  Plaintiff, who claims that he is a member of the Assemblies of
14  Yahweh, alleges that Chaplain Henning has denied him certain things
15  necessary for the free exercise of his religion, including ceremonial
16  oils, an Assemblies of Yahweh religious text, and an Assemblies of
17  Yahweh religious leader. Plaintiff also alleges that Chaplain Henning
18  has refused to allow him to participate in the holy days and feasts
19  that are a part of his religion. In addition, Plaintiff alleges that
20  Defendant Bolot oversees the prison chaplaincy and has implemented
21  and approved these violations of his free exercise rights.

22      A prison inmate retains a First Amendment right to exercise his
23  religion freely. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348
24  (1987); *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). The protections
25  of the Free Exercise Clause are triggered when prison officials
26  substantially burden the practice of an inmate's religion by
27  preventing him from engaging in conduct which he sincerely believes
28  is consistent with his faith. *Shakur v. Schiro*, 514 F.3d 878, 884–85

4

1   (9th Cir. 2008); *Freeman v. Arpaio*, 125 F.3d 732, 736-37 (9th Cir.
2   1997), *overruled in part by Shakur*; *see also Hernandez v. C.I.R.*, 490
3   U.S. 680, 699 (1989) (holding that "the burden must be substantial").
4   To invoke the Free Exercise Clause, an inmate must allege a belief
5   that is sincerely held and rooted in religious belief, but there is
6   no requirement that a religious practice be central to or mandated
7   by the inmate's faith. *Shakur*, 514 F.3d at 884-85.

8       The First Amendment rights of inmates are limited, however, by
9   the loss of freedom intrinsic to incarceration and by the penological
10  objectives of the institution. *O'Lone*, 482 U.S. at 348. "When a
11  prison regulation impinges on inmates' constitutional rights, the
12  regulation is valid if it is reasonably related to legitimate
13  penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

14      Here, Plaintiff has stated sufficient facts to allege a
15  violation of his free exercise rights. Plaintiff has alleged that
16  Defendants Henning and Bolot have refused to give him access to items
17  he believes are necessary for the practice of his faith, including
18  ceremonial oils, an Assemblies of Yahweh religious text, and an
19  Assemblies of Yahweh chaplain, and also that Defendants have refused
20  to allow him to participate in the holy days and feasts of his
21  religion. Accordingly, this claim shall be ordered served upon
22  Defendants Henning and Bolot.

23      **C.   Plaintiff Has Failed To Allege a Violation of His Due**
24           **Process or Equal Protection Rights**

25       Plaintiff contends that he is only allowed 1.5 hours of common
26  tier access per day and that this practice violates his Fourteenth
27  Amendment due process and equal protection rights, as well as his
28  Eighth Amendment right against cruel and unusual punishment.

1   Plaintiff has failed to allege a Fourteenth Amendment due
2   process violation for unconstitutional conditions of confinement.
3   Conditions of confinement violate a pretrial detainee's Fourteenth
4   Amendment rights if the conditions amount to punishment. *Bell v.*
5   *Wolfish*, 441 U.S. 520, 535 (1979); *Clouthier v. County of Contra*
6   *Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010).[1] Further, a pretrial
7   detainee may be subject to the "restrictions and confinements of the
8   detention facility so long as those conditions and restrictions do
9   not amount to punishment, or otherwise violate the Constitution."
10  *Bell*, 441 U.S. at 536-537. Under these standards, allowing a pretrial
11  detainee only 1.5 hours a day to mingle freely with other prisoners
12  cannot be deemed punishment.

13  Plaintiff also alleges that Defendants have violated his right
14  to equal protection because similarly situated pretrial detainees are
15  allowed substantially more time in the common areas compared to
16  Plaintiff's 1.5 hours. "The Equal Protection Clause of the Fourteenth
17  Amendment commands that no State shall 'deny to any person within its
18  jurisdiction the equal protection of the laws,' which is essentially
19  a direction that all persons similarly situated should be treated
20  alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439
21  (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order
22  to state an equal protection claim based on intentionally
23  discriminatory treatment, a plaintiff must allege that a particular
24  defendant treated him differently than other prisoners with an intent
25

26  [1] Eighth Amendment claims are reserved for "those convicted of
27  crimes" and therefore do not apply to pre-trial detainees, such as
    Plaintiff. *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir.
    2001) (citing *Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Ingraham v.*
28  *Wright*, 430 U.S. 651, 671-72 n. 40 (1977)).

or purpose to discriminate against him based on membership in a protected class, such as race or ethnicity. *See Washington v. Davis*, 426 U.S. 229, 239–42 (1976). Plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)); *see also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) ("proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause").

Here, Plaintiff has failed to allege any facts to show that he is allowed only 1.5 hours in the common area of the jail because of his membership in an identifiable group. Nor has he alleged any facts to show that Defendants acted with a discriminatory intent or purpose in allotting him only 1.5 hours in the common tier. Thus, Plaintiff has failed to allege a violation of his right to equal protection.

Accordingly, Plaintiff has failed to state a claim for violation of his Fourteenth Amendment due process or equal protection rights against any of the named Defendants, and these claims shall therefore be dismissed with leave to amend.

**D.   Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Sheriff Hoops**

Plaintiff alleges that Sheriff Hoops allows his employees to violate pretrial detainees' constitutional rights and that he is "grossly negligent in allowing these acts to continue." (FAC at 3.) To the extent that Plaintiff is alleging that Defendant Hoops is liable due to his supervisory role over jail staff, he has failed to state a claim upon which relief may be granted. Supervisory officials

7

or agencies are generally not responsible for the conduct of their subordinates on a theory of vicarious liability in civil rights actions brought under 42 U.S.C. § 1983. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Bibeau v. Pacific Northwest Research Foundation, Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers*, 267 F.3d at 915; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

Here, Plaintiff has failed to allege anything more than respondeat superior liability against Sheriff Hoops. He has failed to show that any conduct by the Sheriff contributed to his injury in this case. Absent a showing of some causal connection between the policy and practices of this defendant and the injury, there is no basis upon which the Sheriff Hoops can be found liable under § 1983. Accordingly, the action must be dismissed against Sheriff Hoops.

## IV.  Conclusion

**IT IS THEREFORE ORDERED as follows:**

1.  The complaint is dismissed without prejudice for the reasons stated above with the exception of Plaintiff's First Amendment free exercise claim against Defendants Henning and Bolot.

2.  Plaintiff has until November 30, 2011, to file a second amended complaint, that remedies the defects identified in this

memorandum and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2. Any amended complaint must bear the docket number assigned in this case and must be labeled "second amended complaint." Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims, the specific defendant to whom the facts apply; and the nature of the relief he seeks. The second amended complaint must be plainly written and legible. It must contain the allegations of misconduct in numbered and legible paragraphs.

3.    If Plaintiff fails to timely file a second amended complaint, or if the second amended complaint fails to properly plead any other causes of action, the complaint alleging only a First Amendment free exercise claim will be served upon Chaplain Henning and Sgt. Bolot alone.

4.    The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "Second Amended Complaint." If Plaintiff chooses to continue prosecuting this action, he must use this form to the extent possible.

Dated: November 9, 2011

Marc L. Goldman
United States Magistrate Judge

9